*E-Filed:5/26/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SUNCOR STAINLESS, Inc.

         Plaintiff,

         v.

STRUCTURAL HARDWARE AND SUPPLY, Inc.; and BRUCE SULLIVAN,

         Defendants.

Case No. 03-00519 HRL

**SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW**

I. INTRODUCTION

On March 22, 2006, the Ninth Circuit issued a Memorandum Opinion vacating this court's judgment and remanding for a new calculation of plaintiff's damages *(Suncor Stainless, Inc. v. Structural Hardware and Supply, Inc., Bruce Sullivan*, No 04-15781).

As a consequence, the court obtained briefs from the parties describing their respective views on how damages should be calculated. The court has considered the arguments of the parties and studied the trial record carefully with respect to the evidence supporting a new calculation. As instructed, the court has been guided by *Geddes & Smith, Inc. v. Saint Paul*

*Mercury Indemnity Company*, 407 P.2d 868 (Cal. 1965) and *Convoy Company v. Sperry Rand Corporation*, 672 F.2d 781 (9th Cir. 1982). This, now, is the court's decision.[1]

## II. DISCUSSION

The court agrees, as plaintiff urges, that damages should be based on the "...wages paid to its employees and related business overhead allocable to the time spent opposing Structural's protests." (Plaintiff's Brief Re: Calculation of its Damages, p. 4, L. 23-24). The undisputed evidence showed that four of plaintiff's employees worked on opposing the protests: Roman Striebel, Patrick Striebel, Steven Alexanderson, and Edwina Damstra. Plaintiff kept detailed records of the number of hours each worked on the protests, respectively: 200.5[2], 28.5, 129.5, and 60.5.

The wages and direct benefits paid to each of these four employees were described in fair detail by Roman Striebel (1RT 63-69). However, his testimony about corporate general overhead ("sales and general administrative expenses") allocable to these four was not as specific or unambiguous as the court would wish (2RT 8,113). Nevertheless, the court concludes that increasing their wages and direct benefits by a factor of 50% will fairly take into account their share of general overhead.

The only place where the court departs company from plaintiff's proposed damage formula is with respect to the number it proposes for the "wages" of Roman and Patrick Striebel. The annual salary of each was $80,000. But, not only were they employees of Suncor, they were the owners of Suncor. Each owned 50% of the corporation. Each received, in addition to his salary, a distribution of "profit" from the corporation in 2002 of $260,000. Therefore, argues plaintiff, their wages were $340,000 each, and that is the number that should be used in the damage formula.

---

[1] For the facts of the case and the analysis leading to this court's finding of liability against defendants for intentional interference with contract, refer to the Findings of Fact and Conclusions of Law filed on March 22, 2004.

[2] Although Exhibit 21 shows 236.5 hours for Roman Striebel, he testified at trial that his actual hours spent in opposing the protests was 200.5. See 1RT 47-48.

2

1  Plaintiff confuses what it paid out to its owners that year with what it was obligated to
2 pay them as employees of the corporation. The profit distributions to the owners of the
3 corporate plaintiff are not, in the court's mind, properly categorized as wages. In fact, unlike
4 the "essential expenses" of the corporation allowed as damages in *Geddes & Smith*, these are
5 not corporate expenses at all. The corporation could have retained the profit, invested it in
6 capital improvements, or done all manner of other things with it. Instead, its <u>owners</u> chose to
7 have the corporation pay it out - in effect - as a dividend to themselves.

8  The expenses of the corporation attributable to Roman Striebel were: $80,000 salary,
9 $10,000 health benefits, $8,000 automobile allowance, and a $2,500 contribution to a 401k
10 plan, for a total of $100, 500. Increasing that amount by 50% to account for overhead gives
11 $150,750. Dividing that number by Roman's 2400 working hours per year results in an hourly
12 rate of $62.81. Multiplying $62.81 by 200.5 hours produces $12, 593.40.

13  Patrick Striebel's salary and direct benefits were the same as Roman's. However, since
14 his annual working hours were only about 2200, his calculated hourly rate is $68.52.
15 Multiplying that hourly rate by his 28.5 hours spent on the defense of the protests yields
16 $1,952.82.

17  Steven Alexanderson's total salary and direct benefits in 2002 were $85,000. Increased
18 by 50%, that number becomes $127,500. He worked 2000 hours a year, meaning his hourly
19 rate was $63.75. Since he spent 129.5 hours on the protests, that time cost the plaintiff
20 corporation $8,255.63.

21  Edwina Damstra was paid $21 an hour. She also received direct benefits worth $2000 a
22 year. The court estimates she worked 1800 hours a year, meaning her benefits represented an
23 additional $1.11 per hour. Adding 50% to her total hourly rate ($21 plus $1.11) yields $33.17.
24 She spent 60.5 hours on the protests, resulting in lost time to the plaintiff costing $2006.79
25 ($33.17 x 60.5).

26  In summary, Suncor's damages as represented by the wages and benefits paid to its
27 employees for the time they worked on the defense against the defendants' protests, plus
28 allocable overhead, are $12,593.40 + $1,952.82 + $8,255.63 + $2006.79 = $24,808.64.

3

Since this is a diversity case, the question of prejudgment interest is governed by California law. *See Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 714 (9th Cir. 1992). Under California Civil Code § 3288 the court has discretion to make such an award. *See Bullis v. Security Pacific National Bank*, 582 P.2d 109 (Cal. 1978). In this case, the court concludes that the costs to plaintiff measured by the time spent by its employees in defending against the protests were both ascertainable and reasonably to be anticipated by defendants. In order to fairly compensate plaintiff for its loss, the court awards prejudgment interest (at 7%) from the date the complaint was filed to present, as follows: 3.29 years x .07 x $24,808.64 = $5,705.99.

### III. CONCLUSION

Plaintiff shall recover from defendants $30,514.63.

Dated: 5/26/06

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

**Counsel for Plaintiff**
Arthur B. Cook        acook@hfbllp.com

Stephen J. Tomasulo   stomasulo@hfbllp.com

**Defendant pro per**
Bruce Sullivan
2506 Kenoga Drive
San Jose, CA 95121

**Counsel for Defendant Structural Hardware and Supply**
James M. Sullivan
225 N. Santa Cruz Ave
Los Gatos, CA 95030

* Counsel are responsible for providing copies of this order to co-counsel.

Dated: 5/26/06

                                      /s/ JMM
                                Chambers of Magistrate Judge Lloyd